■ Robert Diver et al., Respondents, v McClinch Equipment Corporation, Appellant, et al., Defendant. [759 NYS2d 350] —In an action, inter alia, to recover damages for personal injuries, etc., the defendant McClinch Equipment Corporation appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated September 18, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant McClinch Equipment Corporation, and the action against the remaining defendant is severed.

The injured plaintiff slipped and fell during the course of his job at the Jacob Javits Convention Center (hereinafter the Javits Center) on an "oily fluid" that allegedly had leaked from one of two 45-foot boom lifts owned by the Javits Center. The injured plaintiff was unable to specify which one was involved in his accident. The defendant McClinch Equipment Corporation (hereinafter McClinch) repaired the boom lifts on an as-needed basis. The Supreme Court denied McClinch's motion for summary judgment. We reverse.

McClinch satisfied its burden in the first instance of establishing its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]) by demonstrating that it had repaired the hydraulics on the boom lifts more than a year before the injured plaintiff's accident and that it had had no complaints of oil leaks since that time. In opposition, the plaintiffs failed to raise a triable issue of fact that McClinch created the allegedly dangerous condition in the boom lift or had actual or constructive notice thereof (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, McClinch's motion for summary judgment should have been granted.

In view of the foregoing, we need not reach McClinch's remaining argument. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.